Sheldon, J.
The testamentary provision for the defendant, Eliza Greenshield, was not in lieu of dower ; if it was so intended, the intention failed for the reason that it was not expressly declared so to be, as is required by the well-settled rules of law upon that subject. And the action proceeds upon the admission that upon the termination of her life estate, the right of dower still remained, and that the owners in fee took the remainder subject to that right. The possession of the widow to January 16, 1875, must be considered as having been that of a tenant for years, and it is a rule of general if not of universal application, that it is incumbent upon the tenant for life or for years to pay all taxes assessed upon the lands subject to the tenancy. So that, unless there is in this case something to take it out of the rule, the tenant for years was liable to pay all taxes and assessments accruing during the tenancy. If she did not pay, the heirs or remainder-men could pay, to protect their estate, and recover the amount from her in an action at law, or, as in case of waste permitted by the tenant, they probably could procure a receiver to be appointed of the rents and profits, who would pay or care for the property.
The defendants contend that the testator intended that his estate should bear the burden of all these taxes, and that the tenant should enjoy the estate for the years mentioned without charge. This may be so, and it is evident that he expected the provisions made for that purpose would accomplish that result. But he went no farther than to direct the creation of a fund out of his other estate. Had he stated that in case of *430 the fund- failing, the property devised for years should pay the taxes, virtually diminishing the value of it to the heirs or remainder-men, the parties would be obliged to submit to such declared will. That he endeavored out of other property to create such a fund, is no evidence of an intention to charge this property with the payment of the taxes. The endeavor so to do, was an additional gift or bequest in favor of his wife ; without it, she would be required to discharge those liens; with it, if it had substance and accomplished the purpose, she would be benefited. It would seem that the testator did not anticipate the exigency that has occurred; but the proof shows that all Ms other estate has been consumed for the payment of Ms debts, and in payment of the taxes as far as it was sufficient so to do.
I think, that as far as concerns all taxes and assessments levied before January 16,1875, it was incumbent upon the tenant for years to satisfy them, and that the amount unpaid remains equitably chargeable upon her dower interest.
When the tenancy for years expired, the situation of the parties changed. Her dower was not assigned, and she had no estate in the lands of which her husband died seized until assignment of her dower. The title went to the heirs, under the will, and they had and still have the undivided seizin. When dower is assigned, the widow becomes seized of a freehold estate in the portion allotted to her. The fee simple remains in the heir, and although, in point of tenure, the doweress holds of the heir, or, as in this case, of the remainder-men, yet her claims and rights are paramount to the heir. Her estate is a continuation of that of her husband, and her rights were such that could not have been defeated or affected by any will or disposition by the husband. When this occurs, the tenant in dower, being so seized of a freehold estate for life, that estate *431 is necessarily subject to all the incidents of other estates for life. If the estate was charged with an incumbrance, she would be bound in equity to keep down the interest out of the rents and profits (4 Kent Com. 74). The object of the rule is to make every part of the ownership of real estate bear a ratable part of an incumbrance thereon, and to apportion the property equitably between the parties in interest when there is a possession ; and therefore the tenant for life is bound to contribute during the time of his enjoyment of the estate. The tenant for life, upon the same principle, is bound, out of the rents and profits, to keep down all incidental charges upon the land, which accrue during the continuance of his estate, as for repairs, taxes, and the like (2 Bouvier’ s Inst. 229 ; Whyte v. Mayor, &c. of Nashville, 2 Swan [Tenn] 364). Many of our States have statutes declaratory of the law. The statute of our State, declaring the effect of the admeasurement of dower and the recovery thereof (2 Rev. Stat. 491, § 18), provides, that the widow shall hold the same during her natural life, subject to the payment of all taxes and charges accruing thereon subsequent to her taking possession. This makes her liable for the taxes upon the premises assigned or admeasured to her, a rule founded in justice, and which has long been engrafted upon our statute law.
But this rule of law has no application to this case. Her dower was not assigned to her within the forty days of quarantine (2 Rev. Stat. 488, § 1), nor has she applied for its admeasurement. The plaintiffs, as some of the remainder-men, apply for partition, but until that is accomplished, either by a strict partition, which is impossible, or by a sale, which must be the result here, the widow’s rights are not to be diminished or impaired. The onus of discharging the incidental expenses, such as taxes, &c., was changed when the tenancy for years expired. That she remained in possession, created no *432 liability on her part and no obligation of any nature. Her possession was of a nature paramount to the heirs or remainder-men, and she could not be ejected.„ The estate was not hers, and she was a mere occupant; she had no right or title to the land, or to one part of it in preference to another. She had a right of dower in the whole of it, which, when recovered by her, or admeasured to her, is a right to the use for life of the one-third part of it, but what that third part may be, depends upon the assignment or admeasurement of it, - and when that is made, if it could be made in this case, she claims and is in under her husband. It is true, she was an occupant, but some of the heirs-at-law or remainder-men were occupants also, and the legal title was in all of them (Beasson v. Yancey, 1 Dev. Eq. [N. C.] 77).
My conclusion is, that as to the taxes and assessments levied since January 16, 1875, they are to be paid out of the fund, and not to be deducted from the computed value of the dower.
Unless the parties agree upon the provisions of a judgment conforming to the above suggestions, and upon the value of the dower interest, so that a final judgment can now be entered, there must be a reference to the clerk to take proofs as to the taxes, value of dower, &c., and report the same for confirmation.